NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOEL R. GARCIA,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>DENNIS LEROUX, 7699; STEPHANIE D. LOW, Maricopa County Attorney Prosecutor,<br><br>              Defendants-Appellees. | No. 16-15780<br><br>D.C. No. 2:15-cv-00798-DLR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Joel R. Garcia appeals pro se from the district court's summary judgment in his 42 U.S.C. §§ 1983 and 1985 action alleging federal and state law violations related to his arrest and pretrial detention. We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a determination that an action is time-barred, *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013), and we affirm.

The district court properly determined that Garcia's action was time-barred because all claims against defendants accrued more than two years before Garcia filed his complaint. *See* Ariz. Rev. Stat. § 12-542 (two-year statute of limitations for personal injury actions); Ariz. Rev. Stat. § 12-821 (one-year statute of limitations for actions against any public entity or public employee); *TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999) (for § 1983 claims, federal courts apply the forum state's statute of limitations for personal injury claims, which begin to accrue "when the plaintiff knows or has reason to know of the injury").

Garcia has waived his right to challenge defendants' discovery responses and objections to his deposition notices. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1108 (9th Cir. 2001) ("A stipulation or the withdrawal of an objection is tantamount to a waiver of an issue for appeal." (citation and internal quotation marks omitted)).

**AFFIRMED.**